**U.S. Department of Justice**
Civil Division, Torts Branch

*P.O. Box 7146*
*Benjamin Franklin Station*
*Washington, DC 20044-7146*

September 22, 2026

**VIA ECF**
The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street, New York, N.Y. 10007

Re: *Khalil v. The Heritage Foundation, et al.*, 26 Civ. 5929 (DLC) (SN)

Dear Judge Cote:

This Office represents Federal Defendants Stephen Miller, Marco Rubio, Markwayne Mullin, Todd Blanche, Kristi Noem, and John Armstrong, in their individual capacities. We write on behalf of these defendants, in their individual and official capacities, as well as all other defendants who have been served, The Heritage Foundation, Victoria Coates, Robert Greenway, Betar Zionist Movement, Inc., Ronn Torossian, and Victor Muslin. pursuant to the Court's July 28, 2026, Order, ECF 12, and September 18, 2026, Order, ECF 62, to respectfully request (1) adjournment of the initial pretrial conference scheduled for October 8, 2026, and (2) a stay of all proceedings until final resolution of Plaintiff Mahmoud Khalil's petition for review currently pending before the United States Court of Appeals for the Fifth Circuit. This would be the first request to adjourn the initial pretrial conference. If the Court is not inclined to grant a stay of all proceedings, we respectfully request a stay of discovery, including the Rule 16 conference, until final resolution of all upcoming motions to dismiss. Finally, absent a stay of all proceedings, the parties propose the following consolidated briefing schedule for motions to dismiss: motions due November 3, 2026; oppositions due January 15, 2026; replies due February 17, 2026. The parties have conferred and Plaintiff opposes the application, except that Plaintiff agrees to the briefing schedule on the motions to dismiss.

**A. A Full Stay of Proceedings Is Warranted.**

Plaintiff seeks damages under 42 U.S.C. §§ 1985 and 1986 against several high-ranking federal officials in their individual and official capacities and against private entities and individuals, alleging they all conspired to violate his First Amendment and equal protection rights. Specifically, Plaintiff alleges that these Defendants conspired to have him arrested and detained through "sham immigration proceedings" to retaliate against him for First Amendment protected activities. ECF 1 ¶¶ 21, 479, 486, 495. He further alleges that defendants targeted him because he is Palestinian and supports Palestinian rights. *Id.* ¶ 479. In doing so, Plaintiff directly challenges Secretary of State Marco Rubio's determination that Plaintiff is removable under 8 U.S.C. § 1227(a)(4)(C)(i) because his continued presence in the United States would have potentially serious adverse foreign policy consequences for the United States. *Id.* ¶ 486. He seeks "an injunction prohibiting the Federal Defendants from . . . rely[ing] upon the Rubio Determination" and asks the Court to "enjoin" his removal proceedings. *Id.* ¶ 495.

Yet Plaintiff is seeking the same relief from the Fifth Circuit in a petition for review (PFR) filed on May 10, 2026. *Khalil v. Blanche*, No. 26-60344 (5th Cir. 2026). A PFR is the congressionally authorized procedural mechanism for challenging a removal order. *See* 8 U.S.C. § 1252(a)(1) (incorporating judicial review provisions set forth at 28 U.S.C. § 2347). In his PFR, Plaintiff asks the Fifth Circuit to find that Secretary Rubio's foreign policy determination is legally deficient and violates the First Amendment and terminate his removal proceedings. Absent any extension, briefing on the PFR should be completed by mid-November. For the reasons stated below, Defendants respectfully request the Court stay these proceedings until the Fifth Circuit resolves the pending PFR.

Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order [of removal]." 8 U.S.C. § 1252(b)(9); *see also Velazquez v. Bondi*, 604 U.S. 712, 723 (2025) ("Section 1252 permits individuals to petition for judicial review of final orders of removal and indicates that those petitions supply *the exclusive* means for securing judicial review of all questions of law.") (cleaned up) (emphasis added). "[N]o court shall have jurisdiction . . . by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9). Based on that "expansive" statutory text, the Second Circuit has specifically held that any attempt to adjudicate in a separate civil proceeding "the Secretary of State's removability determination and the Government's commencement of removal proceedings . . . allegedly based on conduct protected by the First Amendment"—as Plaintiff does here—is statutorily barred. *Mahdawi v. Trump*, 183 F.4th 103, 115-16 (2d Cir. 2026).[1]

In fact, the Third Circuit has already rejected an attempt by Plaintiff to collaterally attack his removal order in a separate civil proceeding. *See Khalil v. President, United States*, 164 F.4th 259 (3d Cir. 2026). In that case, Plaintiff, through a habeas petition, directly challenged Secretary Rubio's removability determination on First Amendment grounds and other supposed irregularities. Like here, Plaintiff's claims in his habeas case "raise[d] *legal questions* challenging the government's very basis for trying to remove (and thus detain) him." *Id.* at 274 (emphasis in original). But as the Third Circuit noted, Congress intended to channel "most claims that even relate to removal" into the PFR process. *Id.* at 275. Adjudicating these questions in a separate civil lawsuit while a PFR is pending "would encourage the very 'piecemeal litigation' that § 1259(b)(9) is designed to prevent." *Id.*

Although § 1252(b)(9) likely bars Plaintiffs' claims, the Court need only find at this juncture that the prudent course is to stay this action, so the Court of Appeals can adjudicate Plaintiff's challenges in the first instance. Resolution of that PFR will at least narrow, and may dispose of, the issues raised in this case. For example, if the Court of Appeals grants the PFR and terminates the removal proceedings, there would be nothing left for the Court to enjoin. If the Court of Appeals denies the PFR and rejects Plaintiff's challenge to Secretary Rubio's removal determination, especially under the First Amendment and Equal Protection Clause, that would undermine—if not defeat—all claims alleged in this case against all Defendants. *See, e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 155 (2017) (dismissing § 1985(3) claim based on qualified immunity where courts came to different conclusions and thus, law not clearly established).

[1] While the Second Circuit has since granted rehearing en banc in *Mahdawi*, it did not vacate the panel opinion. Thus, "Mahdawi is the law of this Circuit, and this Court is bound to follow its precedent." *Ahmed v. Rubio*, No. 25-10705 (LAP), 2026 WL 2643486, at *6 (S.D.N.Y. Sept. 8, 2026).

Courts often stay civil cases in deference to parallel proceedings and administrative actions. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). When deciding whether to enter a stay pending an action in another court, courts in the Second Circuit look at five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Here, there is little benefit for this case to proceed where Plaintiff is briefing the same issues in the Fifth Circuit. And the Government has a strong institutional interest in preventing collateral attacks against ongoing immigration proceedings. A stay would also promote judicial economy by avoiding duplicative, piecemeal litigation and preserving resources. Finally, non-parties and the public all benefit from a streamlined removal process utilizing statutorily mandated means for review.

As to ongoing administrative actions, courts often stay related civil cases so that agencies can undertake the "*initial* decisionmaking responsibility." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 505 (2d Cir. 2022) (citation omitted) (emphasis in original). That should necessarily include final resolution of any PFR regarding a final agency action that is pending before a federal court of appeals. Indeed, in a different context, the Second Circuit has recognized a preference for plaintiffs to "take the normal appeal route" in removal proceedings to "assure that eventual court review be enlightened by a full record . . . and . . . [to] avoid[] premature blockage of, or interference with, regulatory actions Congress has assigned to other government bodies." *Howell v. INS*, 72 F.3d 288, 292-93 (2d Cir. 1995) (quoting *Randall v. Meese*, 854 F.2d 472, 482 (D.C. Cir. 1988)).

It would serve no useful purpose to force the parties to simultaneously litigate the same issues here and in the Fifth Circuit. Nor would a brief stay prejudice Plaintiff as he would be free to litigate this case once his PFR is resolved. For these reasons, a stay is warranted.

**B. Absent a Full Stay of Proceedings, a Discovery Stay Is Warranted.**

If the Court is not inclined to grant a full stay of all proceedings, the Defendants respectfully request a stay of discovery, including the Rule 16 conference and automatic disclosures, until final resolution of all upcoming motions to dismiss, some of which will raise dispositive threshold defenses, including qualified immunity. The Supreme Court has repeatedly held that lower courts must resolve the threshold legal question of qualified immunity *before* subjecting government officials to discovery. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009); *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). These decisions establish that a stay of discovery, including any participation in a case management conference and filing of a case management report, is warranted until the Court resolves a motion to dismiss based on qualified immunity. Participation in discovery is one of the chief burdens against which qualified immunity is designed to protect. *Iqbal*, 556 U.S. at 686; *see also Frances v. Coughlin*, 849 F.2d 778, 780 (2d Cir. 1988) ("[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." (internal quotations and citation omitted) (emphasis in original).

Here, Plaintiff alleges that Secretary Rubio's removability determination under 8 U.S.C. § 1227(a)(4)(C)(i) violates his First Amendment rights because it is based, in part, on First Amendment protected activity. ECF 1 ¶ 21. However, courts have recognized that "the plain language

of the Deportation Provision authorizes that application," *Standford Daily Publ'g Corp. v. Rubio*, No. 25-6618 (NW), 2026 WL 2549090, at *27 (N.D. Cal. Aug. 28, 2026); and that defendants "are not wrong to suggest that the matter is complex." *Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 181 (D. Mass. 2025). Indeed, when Secretary Rubio first determined Plaintiff was removable, the only court to have found § 1227(a)(4)(C)(i) unconstitutional was reversed on appeal because the plaintiff had not first exhausted his PFR. *See Massieu v. Reno*, 915 F. Supp. 681 (D.N.J. 1996), *rev'd on other grounds*, 91 F.3d 416 (3d Cir.). Thus, it could hardly be said that the law on § 1227(a)(4)(C)(i) was clearly established when the determination of removability was made.

Plaintiff also challenges his removal order on the ground that he was selected for removal based on animus because he is Palestinian and supports Palestinian rights. ECF 1 ¶ 479. "[A]n alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489 (1999); *see also Turkmen v. Ashcroft*, 589 F.3d 542, 550 (2d Cir. 2009) ("[P]laintiffs point to no authority clearly establishing an equal protection right to be free of selective enforcement of the immigration laws based on national origin, race, or religion."). And it is an open question in the Second Circuit whether § 1985(3) applies to alleged political animus. *See Vidurek v. Koskinen*, No. 17-9064 (VB), 2018 WL 3597644, at *12 (S.D.N.Y. July 25, 2018) (collecting cases).

In sum, ample grounds for dismissal based on qualified immunity exist. Accordingly, a stay of discovery is required so the Court can assess that defense in the upcoming motions to dismiss. Further, the Supreme Court has held that in these circumstances, a stay of the *entire case* as against all parties is warranted, explaining that, "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual-capacity defendants] and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 685. That is most certainly the case here as all defendants are alleged to have engaged in a conspiracy. Thus, *any* discovery in this case would necessarily require the direct and substantial involvement of parties entitled to an antecedent ruling on their qualified-immunity defense.[2]

**C. Proposed Briefing Schedule—Should One Be Required.**

Finally, if the Court is not inclined to stay all proceedings, the parties agree that good cause exists for the Court to order a consolidated briefing schedule for motions to dismiss. That would benefit the Court and the parties by avoiding duplicative, piecemeal filings on overlapping issues. The parties propose the following schedule: motions due November 3, 2026; oppositions due January 15, 2026; replies due February 17, 2026. To the extent any one Defendant's deadline to respond to the Complaint is currently due prior to November 3, 2026, that Defendant respectfully requests the Court grant an extension under Fed. R. Civ. P. 6(b) to coincide with the proposed schedule.

We thank the Court for its consideration of this submission.

Respectfully,

[2] Defendants will also be moving to dismiss on additional grounds, including *inter alia* that the Complaint's conclusory allegations are inadequate to provide a "factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit" to violate Plaintiff's constitutional rights. *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). A stay of discovery is further warranted so that the Court can first consider all grounds for dismissal.

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

SARAH E. WHITMAN
Assistant Director, Torts Branch

*/s/ Siegmund F. Fuchs*
SIEGMUND F. FUCHS
Senior Trial Counsel
PATRICK B. FENOIR
ANDREW M. VANDINI
Trial Attorneys
Civil Division, Torts Branch
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
202-598-3916
Email: siegmund.f.fuchs@usdoj.gov

Attorneys for the Individual-Capacity Federal Defendants